IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARIANO V. HERNANDO, | ) | CIVIL NO. 13-00140 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING REQUEST FOR |
| | ) | RECUSAL OF JUDGES ASSIGNED TO |
| vs. | ) | THIS CASE; ORDER DENYING |
| | ) | MOTION TO ADD ADDITIONAL |
| PATRICIA HAMAMOTO; KATHRYN | ) | DEFENDANTS; ORDER GRANTING |
| MATAYOSHI; in her individual | ) | DEFENDANTS' MOTION FOR |
| and official capacity; KERRY | ) | SUMMARY JUDGMENT |
| TOM; GLENN KUNITAKE; MARLENE | ) | |
| AKAU; KATHLEEN O'MALLEY; | ) | |
| SUSAN KITSU; and RONN NOZOE, | ) | |
| each in his/her individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING REQUEST FOR RECUSAL OF JUDGES ASSIGNED TO THIS CASE; ORDER DENYING MOTION TO ADD ADDITIONAL DEFENDANTS; ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I.      INTRODUCTION.

        Plaintiff Mariano V. Hernando, who is licensed to practice law in Hawaii, see ECF No. 38-1, is trying to create a "federal case" out of nothing.  Although he names many Defendants, he offers nothing with respect to most of them suggesting that they caused him any injury redressable by this court.  Lacking an injury, he lacks standing to assert most of his purported claims.  Even to the extent his Complaint can be liberally read to assert injuries giving rise to standing, certain Defendants have sovereign immunity from the claims, and

no triable issue of material fact that would preclude summary judgment has been raised with respect to any remaining Defendant.

Hernando's Complaint asserts a litany of constitutional claims, as well as state-law claims.  The claims for which Hernando fails to demonstrate standing are dismissed for lack of subject matter jurisdiction.  Because Hernando fails to raise a triable material fact as to any remaining claim, summary judgment is granted in favor of Defendants as to those claims.

The court has earlier indicated that it is treating Hernano's motion for judgment on the pleadings or for summary judgment as his opposition to Defendants' motion.  That leaves for consideration Hernando's request to have the judges assigned to this case recuse themselves and his request to add additional Defendants.  Those requests are denied.

The court decides the motions without a hearing pursuant to Local Rule 7.2(d).

II.      **BACKGROUND.**

It is undisputed that the DOE temporarily hired Hernando as a social worker from November 26, 2001, to June 30, 2003.  <u>See</u> Declaration of Kerry Tom ¶ 7, ECF No. 25-4, PageID # 137.

The present dispute arises out of Hernando's many applications for behavioral health specialist positions.  <u>Id.</u> ¶¶ 8-9.  Apparently, as a qualified candidate for the position he

first applied for, Hernando was eligible for consideration for other positions based on the DOE's Policies and Procedures No. 301.001, ECF No. 1-3, PageID # 14.  Between September 25, 2009, and March 18, 2010, Hernando was considered for other DOE positions on thirty occasions.  <u>See</u> Tom Decl. ¶ 9.  In eight of the thirty instances, the hiring office elected not to re-interview Hernando based on Policy No. 301.001.  That policy allowed the DOE to rely on Hernando's previous interview results when Hernando reapplied for the same position:

> The appointing authority is not required to contact and interview an eligible who was interviewed within the past six months for the same or similar position in the same class or series even though the employment conditions are different, provided, the selection interview would have measured the same skills, knowledge, and abilities. Although the eligible need not be re-interviewed, they must still be given employment consideration.

<u>See</u> ECF No. 1-3, PageID # 16.  Hernando was not hired for any permanent position.  <u>See</u> Tom Decl. ¶ 9.

On November 12 and 19, 2009, Hernando submitted separate DOE Internal Complaint Forms, requesting that the Merit Appeals Board reconsider the DOE's decisions not to hire him. <u>See</u> ECF No. 1-4, PageID # 27 (Internal Complaint Form of November 12, 2009) and PageID # 28 (Internal Complaint Form of November 19, 2009).

On December 3, 2009, Kerry Tom, a personnel specialist with the DOE, sent Hernando a letter.  See ECF No. 1-4, PageID # 24.  The letter acknowledged receipt of the two internal complaints.  It then stated:

> To assist in our review, please clarify, in writing, information reported in your forms regarding the exact date of your:
>     * interview associated with your November 12, 2009 internal complaint form and,
>     * interview and district of the vacant position location associated with your November 19, 2009 internal complaint form.

On February 10, 2011, Kathryn S. Matayoshi, Superintendent of the DOE, wrote to Hernando, explaining that the investigation was on hold because the DOE had not received the information requested in Tom's letter of December 3, 2009.  See ECF No. 1-4, PageID # 25.  Matayoshi's letter further stated that Hernando's internal complaints would be considered withdrawn if he did not provide the information by February 18, 2011.  Id.

On March 14, 2011, having not received the requested information from Hernando by the February deadline, Matayoshi gave Hernando a "final notice" to provide the information by March 21, 2011, stating again that the Internal Complaint Forms would be considered withdrawn if the information was not timely received.  See ECF No. 1-4, PageID # 26.  This letter acknowledged that Hernando had sent a letter in February 2011, asking for his internal complaints to be set before the DOE's

Merit Appeals Board, but that letter had not provided the requested information.  Id.; see also Tom Decl. ¶ 7, ECF No. 25-4, PageID # 137.  Tom, who apparently handled the investigation, stated that a valid and reliable determination of Hernando's claim was impossible without the requested information.  Id. ¶ 20.  Tom indicated that no decision would be made as to whether Hernando's internal complaints warranted being forwarded to the Merit Appeals Board.  Id.

**III.    THE COURT DENIES HERNANDO'S REQUEST TO HAVE THE JUDGES ASSIGNED TO THIS CASE RECUSE THEMSELVES AND HIS MOTION TO ADD ADDITIONAL DEFENDANTS.**

On November 14, 2013, Hernando filed a motion to add other parties.  See ECF No. 37.  Hernando's motion supplies no justification for adding any party to this action.  Accordingly, that request is denied.

In support of the motion, Hernando submits his own declaration.  That declaration states only that he is the Plaintiff in this matter; that he, at one time, worked for the DOE; that he is trilingual; that he has helped build 33 Habitat for Humanity houses; and that, to the best of his knowledge, his declaration is not filed for any evil purpose.  See ECF No. 37-1. The court notes that this declaration is not sufficiently acknowledged, as required by 28 U.S.C. § 1746.  Even if accepted, the declaration provides no facts justifying the addition of any

suggested Defendant in this action, as it does not even discuss any of the people Hernando proposes to add as Defendants.

The exhibits attached to the motion provide no more clarity as to why any new Defendant should be added.  Many of the exhibits are this court's minute orders.  The exhibits appear to be attached to show that this judge and Magistrate Judge Barry M. Kurren allegedly had an <u>ex parte</u> meeting with Defendants.  In so alleging, Hernando appears to be misreading the court docket.  In his own motion, which the court also deemed to be his opposition to Defendants' motion, Hernando also asked the judges assigned to this case to recuse themselves.  <u>See</u> ECF No. 28-1, PageID # 181.

Because Hernando is not accusing either judge of having a personal bias or prejudice, his recusal request appears to be brought under 28 U.S.C. § 455(a), which states, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The salient question in such a motion is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  <u>Pesnell v. Arsenault</u>, 543 F.3d 1038, 1043 (9th Cir. 2008).  The reasonable person, moreover, is not "'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'"  <u>United States v. Holland</u>, 519 F.3d 909, 913 (9th Cir. 2008) (quoting <u>In re Mason</u>, 916 F.2d 384, 386 (7th Cir.

6

1990)). This judge decides any motion to disqualify this judge brought under § 455. See In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994).

Hernando attaches Exhibits G and H to his recusal request, see ECF Nos. 28-8 and 28-9, claiming that both judges had an ex parte meeting with Defendants. Exhibit G is a minute order filed on June 12, 2013, that continues the Rule 16 Scheduling Conference. No hearing or meeting of any kind was held relating to that continuance. See ECF Nos. 28-1 and 5. Exhibit H is simply Hernando's letter of September 24, 2013, ECF Nos. 28-9 and 30, which asks for a transcript of the hearing resulting in the continuance. There was no hearing relating to the continuance, and the request that both judges recuse themselves is denied. No reasonable person would question either judge's impartiality on the present record.

IV.     **THE SUMMARY JUDGMENT MOTION IS GRANTED.**

        **A.    Summary Judgment Standard.**

Summary judgment shall be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477

U.S. 317, 323-24 (1986).  Accordingly, "[o]nly admissible evidence may be considered in deciding a motion for summary judgment."  Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See Celotex, 477 U.S. at 323.  A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls on the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex, 477 U.S. at 323); accord Miller, 454 F.3d at 987.  "A fact is material if it could affect the outcome of the suit under the governing substantive law."  Miller, 454 F.3d at 987.

When the moving party fails to carry its initial burden of production, "the nonmoving party has no obligation to produce anything."  In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything.  Nissan Fire, 210 F.3d at 1102-03.

8

On the other hand, when the moving party meets its initial burden on a summary judgment motion, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial." Miller, 454 F.3d at 987. This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted). The nonmoving party may not rely on the mere allegations in the pleadings and instead "must set forth specific facts showing that there is a genuine issue for trial." Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). "A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000) ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

On a summary judgment motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." Miller, 454 F.3d at 988 (quotations and brackets omitted).

**B.    Because Hernando Fails To Demonstrate Standing to Assert Many of His Claims, the Court Dismisses Those Claims.**

"[W]hether or not the parties raise the issue, federal courts are required sua sponte to examine jurisdictional issues such as standing." D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1035 (9th Cir. 2008) (internal quotation omitted). Therefore, although the government does not question Hernando's standing to bring the claims asserted in this action, this court has "both the power and the duty to raise the adequacy of [Hernando's] standing sua sponte." Bernhardt v. Cnty. of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002).

To have standing to bring a federal suit:

> First, the petitioner must show that he has suffered "an injury in fact," i.e., "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." . . . Second, it must show that the injury is "fairly traceable to the challenged action of the defendant," and is not "the result of the independent action of some third party not before the court." . . . Finally, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

Ass'n of Pub. Agency Customers v. Bonneville Power Admin., 733 F.3d 939, 950 (9th Cir. 2013) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

As an initial matter, Hernando fails to establish the existence of a case or controversy with respect to Defendants

10

Tom, Akau, O'Malley, Kitsu, and Nozoe.  Although these five Defendants are named in the caption of the Complaint, Hernando does not mention them at all in the body of the Complaint.  Nor does he establish his standing to assert such claims in his motion for judgment on the pleadings or for summary judgment, which the court has deemed to be his opposition to Defendants' motion.  <u>See</u> ECF No. 34.  Hernando simply fails to allege, much less demonstrate, that any of these five Defendants caused him an injury-in-fact redressable by this court.  He therefore fails to establish standing to assert any claim against them, and all claims against them are dismissed for lack of subject matter jurisdiction.

Similarly, Hamamoto is mentioned only once in the Complaint, and the only allegation against her is that she "informed various echelons of her department [to] use the civil service rules of the Department of Human Resources Development." Hernando raises no triable issue as to whether he was harmed by the use of these rules and therefore fails to establish any injury caused by Hamamoto that could give rise to standing to assert a claim against her.

Even read as liberally as possible, Hernando's Complaint and supporting papers are unclear as to what injury any Defendant may have caused him.  The primary "injury" Hernando appears to assert is that the DOE "demanded" in its letter of

11

December 3, 2009, and its follow-up letters in 2011, that he provide the dates of the interviews mentioned in his internal complaint forms.  While Hernando describes the DOE's requests as "coercion, discrimination and reprisal" or as violating his right against self-incrimination, he does not explain how the mere request for further information that was needed to process a complaint that Hernando himself had filed could plausibly constitute "an invasion of [his] legally protected interest[s]." See Qwest Corp. v. City of Surprise, 434 F.3d 1176, 1180 (9th Cir. 2006).  To the extent Hernando's claims arise from this purported "injury," he shows no injury and therefore lacks standing.  Such claims are dismissed because this court lacks subject matter jurisdiction over matters that Hernando's lack of injury precludes him from having standing to bring.

Hernando's claims against Kunitake and against Matayoshi in her individual capacity appear to be based solely on the letter of March 14, 2011.  Hernando fails to raise a triable issue of fact as to how this letter could have possibly injured him.  He therefore fails to establish an injury traceable to Kunitake and to Matayoshi in her individual capacity.  Lacking an injury, Hernando lacks standing to proceed against Kunitake and Matayoshi in her individual capacity, and claims against them are also dismissed for lack of subject matter jurisdiction.

12

While the most plausible reading of the Complaint is that the only alleged "injury" Hernando suffered arose from the letters asking for more information, the court, construing the Complaint liberally, wonders whether Hernando may also be trying to assert a claim based on the denial of Hernando's job applications and his internal complaints. Failing to hire him and failing to investigate his complaints could be injuries-in-fact fairly traceable to the agency (and therefore to Matayoshi, the agency head, in her official capacity), which could conceivably be redressed by a court's favorable order. Therefore, the court turns to potential claims against Matayoshi in her official capacity as the only ones remaining that Hernando may have standing to bring.

      **C.**    **Summary Judgment is Granted Against Hernando With Respect to the Remaining Claims against Matayoshi in Her Official Capacity.**

A suit against a state official, acting in his or her official capacity, is barred by the Eleventh Amendment, to the extent it requests money damages or relief that is retroactive in nature. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). To the extent Matayoshi is being sued in her official capacity as the superintendent of the DOE, Hernando may not seek relief other than prospective injunctive relief. Edelman v. Jordan, 415 U.S. 651, 677 (1974) (holding that "a federal court's

remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief").

Hernando may, however, consistent with the Eleventh Amendment, ask this court to enjoin Matayoshi from denying him his alleged right to have his job application properly considered and/or his right to appropriate internal administrative review, if he is able to demonstrate his right to such entitlements. Goldberg v. Kelly, 397 U.S. 254, 262 (1970) (noting that procedural due process is implicated when there is "state action that adjudicates important rights").

The Fourteenth Amendment protects individuals from being deprived of liberty or property by the government without due process.  Read liberally, Hernando's Complaint can be said to be asserting an action under 42 U.S.C. § 1983 for the deprivation of various "liberty" and "property" interests created by Hawaii law.  In particular, Hernando claims that the denial of his internal complaints constitutes a deprivation of a "liberty" interest created by section 76-42(a)(2) of Hawaii Revised Statutes and of a "property interest" created by section 76-14(b) of Hawaii Revised Statutes.  Section 76-42(a)(2) of Hawaii Revised Statutes states, "In presenting a complaint, the complainant shall be assured freedom from coercion, discrimination, or reprisal."  Section 76-14(b) states, "Any person suffering legal wrong by an action under subsection (a)(1)

14

[pertaining to recruitment or examination] or aggrieved by such action shall be entitled to appeal to the merit appeals board."

"A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process.  The Due Process Clause does not create substantive rights in property; the property rights are defined by reference to state law." Portman v. Cnty. of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993)

Constitutionally protected interests can be "defined by existing rules or understandings that stem from an independent source such as state law." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972).  However, even when "the underlying substantive interest is created by . . . state law, federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 9 (1978).

Hernando fails to articulate a constitutionally protected liberty interest.  There is no "constitutionally protected liberty interest in the freedom to pursue [a particular job.]" White v. Office of Pers. Mgmt., 787 F.2d 660, 665 (D.C. Cir. 1986).  A procedural due process violation does not occur "every time the government denies an employment application."

15

Id. at 663.  Instead, "a deprivation greater than the denial of a particular job application must be involved."  Id.  To the extent the "liberty" interest asserted by Hernando was simply the denial of his job application or the failure to pursue his internal complaints, summary judgment is granted against him.

To the extent Hernando's asserted liberty interest is the state-created right to "freedom from coercion, discrimination, or reprisal" in the civil service application procedure, Hernando fails to raise a triable issue from which a reasonable finder of fact could infer any Defendants' liability. In short, he shows no coercion, discrimination or reprisal.

Finally, to the extent Hernando premises his § 1983 claim on the absence of a completed Merits Appeals Board proceeding, he fails to show how this absence constitutes a lack of process.  Certainly he fails to show a protected property interest in any appeal to the Merits Appeal Board, as Hernando himself blocked the completion of that process.  Hernando concedes that all that was asked of him was supplemental information required to process his application.  It is also undisputed that Hernando's refusal to provide this information prevented the internal review process from going forward.  From these uncontested facts, no reasonable fact finder could determine that any Defendant denied Hernando due process.

Summary judgment is granted for Matayoshi on Hernando's § 1983 claim against her in her official capacity.

Because Hernando's Complaint and filings are so difficult to decipher, there may be some argument that this court has not divined.  In that case, Hernando should clearly articulate the argument in a reconsideration motion.  Failure to do so will result in the court's conclusion that Hernando has waived any argument not discussed in this order.

**V.        CONCLUSION.**

The court denies Hernando's request to have the judges assigned to this case recuse themselves.  The court also denies Hernado's motion to add additional Defendants to this case.

The court dismisses Hernando's claims against Hamamoto, Tom, Akau, O'Malley, Kitsu, Nozoe, Kunitake and Matayoshi in her individual capacity for lack of subject matter jurisdiction.

This court grants Defendants' motion for summary judgment with respect to Hernando's claim against Matayoshi in her official capacity.

Hernando's motion for judgment on the pleadings for summary judgment is treated as his opposition to Defendant's motion and is therefore terminated.

The Clerk of Court is directed to enter judgment for Defendants.  Any remedy Hernando may have will then be found in Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or in an appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 26, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Hernando v. Hamamoto et al, Civil No. 13-00140 SOM-BMK; ORDER DENYING REQUEST FOR RECUSAL OF JUDGES ASSIGNED TO THIS CASE; ORDER DENYING MOTION TO ADD ADDITIONAL DEFENDANTS; ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

18