IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIANO V. HERNANDO,                )<br>                                     )<br>          Plaintiff,                )<br>                                     )<br>     vs.                             )<br>                                     )<br> PATRICIA HAMAMOTO; KATHRYN           )<br> MATAYOSHI; in her individual        )<br> and official capacity; KERRY        )<br> TOM; GLENN KUNITAKE; MARLENE        )<br> AKAU; KATHLEEN O'MALLEY;            )<br> SUSAN KITSU; and RONN NOZOE,        )<br> each in his/her individual          )<br> capacity,                           )<br>                                     )<br>          Defendants.                )<br>                                     )<br> _____ ) | CIVIL NO. 13-00140 SOM/BMK<br><br>ORDER DENYING MOTION TITLED<br>AS "PLAINTIFF'S MOTION<br>OBJECTING TO COURT'S<br>RULING/ORDERS" |

**ORDER DENYING MOTION TITLED AS
"PLAINTIFF'S MOTION OBJECTING TO COURT'S RULING/ORDERS"**

**I.      INTRODUCTION.**

Plaintiff Mariano V. Hernando filed the Complaint in this matter on March 22, 2013.  See ECF No. 1.  On September 12, 2013, Defendants moved for summary judgment.  See ECF No. 25.  On October 1, 2013, Hernando filed his opposition to the motion. See ECF Nos. 28 and 34.  Although the motion for summary judgment was scheduled to be heard on November 4, 2013, the court cancelled the hearing and informed the parties on October 29, 2013, that the motion would be decided without a hearing pursuant to Local Rule 7.2(d).  See ECF No. 36.  On November 26, 2013, the court granted the motion for summary judgment.  See ECF N0. 39.

Judgment in favor of Defendants was entered that same day.  <u>See</u> ECF No. 40.

On December 3, 2013, Hernando filed an "Objection" to the order granting summary judgment.  <u>See</u> ECF No. 42.  Plaintiff's objection was filed pursuant to Rule 46 of the Federal Rules of Civil Procedure, which governs objections at trial.  Hernando's sole objection is that this court was required to have held a hearing on the motion, instead of ruling without a hearing.  The court construes Hernando's "objection" as a motion brought under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure, rather than an objection under Rule 46.  Because there is no requirement that this court hold a hearing, and because Hernando, an attorney, was given an opportunity to file a written opposition to the motion, Hernando's motion is denied.

### III.        **THE COURT DENIES HERNANDO'S MOTION.**

Hernando's "Objection" of December 3, 2013, appears to seek relief from the order granting summary judgment and the subsequent judgment, arguing that this court was required under the Due Process Clause of the Constitution to provide him with a hearing.  The court construes Hernando's "Objection" as a motion seeking relief under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.

Rule 59(e) of the Federal Rules of Civil Procedure authorizes motions to alter or amend a judgment.  Such motions

"may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."  11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995).  A "district court enjoys considerable discretion in granting or denying" a Rule 59(e) motion.  McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (quoting Federal Practice and Procedure § 2810.1).  See also Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001) ("denial of a motion for reconsideration is reviewed only for an abuse of discretion").  A Rule 59(e) motion may be granted on any of four grounds: (1) a manifest error of law or fact on which the judgment is based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and (4) an intervening change in controlling law.  McDowell, 197 F.3d at 1255 n.1 (quoting Federal Practice and Procedure § 2810.1).

Rule 60(b) of the Federal Rules of Civil Procedure permits relief from final judgments, orders, or proceedings. Such a motion may be granted on any one of six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released
>   or discharged; it is based on an earlier
>   judgment that has been reversed or vacated;
>   or applying it prospectively is no longer
>   equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Like motions brought under Rule 59(e), Rule 60(b) motions are committed to the discretion of the trial court.  See Barber v. Haw., 42 F.3d 1185, 1198 (9th Cir. 1994) ("Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court.").

Hernando fails to establish any reason that the court should alter or amend the order and judgment.  Although he cites Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972), and Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982), neither case stands for the proposition that a federal district court must hold a hearing on a motion whenever a property or liberty interest is involved.  Hernando's procedural due process argument is therefore unpersuasive.

Moreover, the Ninth Circuit has expressly held that, although a court is required to provide a person with notice and an opportunity to be heard before imposing sanctions on the person, the "opportunity to brief the issue fully satisfies due process requirements."  Lasar v. Ford Motor Co., 399 F.3d 1101,

1112 (9th Cir. 2005).  Accord Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000); Erum v. County of Kauai, 2008 WL 2598138 (D. Haw. June 30, 2008). In Molski v. Evergreen Dynasty Corp., 500 F.3d 1407, 1058-59 (9th Cir. 2007), the Ninth Circuit cited this reasoning with approval in noting that a litigant subjected to a prefiling order had received "fair notice" and an opportunity to be heard regarding the possibility of being declared a vexatious litigant.  If a court need not hold an actual hearing before sanctioning someone, it makes little sense to require the court to hold a hearing before granting summary judgment against a party, even when the party is claiming a deprivation of a due process right.

Unless specifically required by statute, Local Rule 7.2(d) allows this court to decide any motion without a hearing. In this case, the court decided the motion after allowing the parties to file written briefs on the issues.  Hernando's written opposition was sufficient to provide him with an opportunity to be heard for purposes of his due process rights before this court.  Accordingly, the court denies his motion.

**III.    CONCLUSION.**

The court denies Hernando's "Objection," which the court deems to be a motion brought under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.  There was simply no

5

requirement that this court hold a hearing on the motion. Allowing Hernando to file a written opposition to the motion provided him with an opportunity to be heard before this court.

     IT IS SO ORDERED.

     DATED: Honolulu, Hawaii, December 9, 2013.



     /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Hernando v. Hamamoto et al, Civil No. 13-00140 SOM-BMK; ORDER DENYING MOTION TITLED AS "PLAINTIFF'S MOTION OBJECTING TO COURT'S RULING/ORDERS"